**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**
**EASTERN DIVISION**

| | |
|---|---|
| SHARKNINJA OPERATING LLC and SHARKNINJA SALES COMPANY,<br><br>*Plaintiffs,*<br><br>v.<br><br>ZHU FALUN and GUANGZHOU QIBAO E-COMMERCE CO., LTD.,<br><br>*Defendants.* | CASE NO.: 1:26-cv-15062<br><br>**COMPLAINT FOR PATENT INFRINGEMENT** |

Plaintiffs SharkNinja Operating LLC and SharkNinja Sales Company (together, "SharkNinja") allege as follows against Defendants Zhu Falun and Guangzhou Qibao E-Commerce Co., Ltd. (collectively, "Defendants").

1. This is an action for patent infringement arising from Defendants' making, using, offering for sale, selling, and importing into the United States unauthorized products that infringe SharkNinja's utility patent. SharkNinja owns U.S. Patent No. 11,116,371 (the "'371 Patent").

2. The '371 Patent is valid, subsisting, and in full force and effect. SharkNinja is the owner and lawful assignee of all right, title, and interest in the '371 Patent, which was duly issued by the United States Patent and Trademark Office. A true and correct copy of the '371 Patent is attached as **Exhibit 1**.

3. Defendants directly and indirectly import, develop, design, manufacture, distribute, market, offer for sale, and sell products that infringe the '371 Patent in the United States, including in this Judicial District, and they purposefully direct infringing activities to this District. Defendants conduct marketing and sales activities through fully interactive e-commerce storefronts on major online marketplaces (collectively, "Internet Stores").

4. SharkNinja's Shark VACMOP Hard Floor Pad (the "Shark VACMOP Pad") incorporates the innovative features claimed in the '371 Patent. Defendants' KeePow-branded and MyKeePow-branded replacement pads sold through Internet Stores also embody those claimed features and are inferior imitations of the Shark VACMOP Pad.

5. As a result of Defendants' infringing actions, SharkNinja has suffered and continues to suffer irreparable harm from the loss of its exclusive rights to make, use, sell, offer for sale, and import products embodying the patented invention, and therefore seeks injunctive relief.

## JURISDICTION AND VENUE

6. This Court has subject-matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a) because SharkNinja asserts claims arising under the patent laws of the United States, including 35 U.S.C. §§ 1 et seq.

7. Defendants are subject to personal jurisdiction in this District because they purposefully direct business activities to the United States, including to the Commonwealth of Massachusetts and this Judicial District, through fully interactive e-commerce storefronts accessible to consumers in Massachusetts.

8. Venue is proper in this District under 28 U.S.C. § 1391(b)(2) because Defendants committed acts of infringement in this District and transact business here. Venue is also proper as to Defendants under 28 U.S.C. § 1391(c)(3).

## THE PLAINTIFF

9. SharkNinja Operating LLC is a limited liability company organized under the laws of Delaware with its principal place of business at 89 A Street, Suite 100, Needham, Massachusetts 02494. SharkNinja is the registered applicant and assignee of the '371 Patent. SharkNinja Sales

Company is a wholly owned subsidiary of SharkNinja Operating LLC. SharkNinja Sales Company is an implied licensee of the ’371 Patent.

10. SharkNinja began three decades ago with a mission to provide efficient, user-friendly, and affordable household appliances. From its start as a one-person company, SharkNinja has grown into a market leader and global brand with more than twenty categories of home appliance products, including floorcare products such as the Shark VACMOP hard floor cleaner, environmental products such as fans and purifiers, and kitchen appliances. SharkNinja now has eight offices and thousands of employees in the United States.

11. SharkNinja has a well-known history as a pioneer and innovator. It devotes significant resources to research and development, including a team of more than 800 design engineers focused on developing new products and features to improve and transform household appliances. This approach has been overwhelmingly successful: SharkNinja has been awarded more than 4,500 patents on its home-appliance technologies and designs, and the ’371 Patent asserted in this action reflects that history of innovation.

12. SharkNinja is involved in the sale and distribution of the Shark VACMOP Pad and has been harmed by Defendants’ infringing activities.

**THE SHARK VACMOP**

13. This action concerns SharkNinja’s intellectual property rights related to its VACMOP line of cleaning products. The Shark VACMOP cleaner is an all-in-one cordless vacuum and spray mop. The Shark VACMOP line of products includes hard floor cleaning pads that cooperate with the Shark VACMOP cleaner and a suite of cleaning solutions.

14. Launched in April 2020, the Shark VACMOP system introduced a cordless hard floor cleaner that can vacuum and mop in a single pass, bringing a faster, more convenient, and

more effective hard floor cleaning experience to consumers. Instead of pushing debris around like a traditional mop, the Shark VACMOP system uses suction to pull dirt into a dirt chamber located in the Shark VACMOP Pad. The Shark VACMOP system further includes a fluid delivery system for spraying cleaning solution onto stuck-on messes, which is scrubbed and absorbed by the Shark VACMOP Pad.

15. The Shark VACMOP Pad is a key component of the Shark VACMOP cleaning system. The Shark VACMOP Pad provides the cleaning surface for the system. The Shark VACMOP Pad further traps debris inside as it cleans, so there is no filter to empty and no mop head to rinse. When the Shark VACMOP Pad is full, a no-touch release ejects it from the cleaner. Replacement Shark VACMOP Pads are sold in starter sets with Shark VACMOP cleaners and in Shark VACMOP Replacement Pad multi-packs.

16. The Shark VACMOP Pad was uniquely designed to provide for the multi-functional cleaning aspects of the Shark VACMOP system. Examples of a Shark VACMOP Pad and its operation in conjunction with the Shark VACMOP cleaner are shown below:






*Shark VACMOP Pad & Functions*

17. Following its launch, the Shark VACMOP gained a passionate consumer following, including numerous positive online reviews. Its success resulted from months of consumer

research, engineering, development, and industrial design work by SharkNinja. SharkNinja holds significant intellectual property rights relating to the innovations in the Shark VACMOP cleaning system, including the inventive aspects of the Shark VACMOP Pad protected by the ’371 Patent.

18. SharkNinja is the official source of the Shark VACMOP Pad in the United States.

19. SharkNinja Operating LLC is the owner and lawful assignee of all right, title, and interest in the ’371 Patent.

20. The Shark VACMOP Pad embodies the invention claimed in the ’371 Patent.

## THE ’371 PATENT

21. SharkNinja has filed for and obtained patent protection for its technological developments in the field of hard floor cleaning systems. The innovative features claimed in the ’371 Patent are the product of significant research, testing, and design efforts by SharkNinja’s engineers.

22. The ’371 Patent concerns cleaning devices and, more specifically, the connection between a cleaning device and a selectively attachable replacement head. *See* **Ex. 1**, col. 1. For example, it claims an innovative replacement head for use with a cleaning device that includes a housing having a chamber for receiving and retaining debris. *See, e.g.*, **Ex. 1**, claim 1. The replacement head further includes a suction inlet opening for allowing debris to flow into the chamber and a cleaning sheet coupled to the housing and configured to contact a surface to be cleaned. *Id.* The housing is configured to couple to a cleaning device for allowing a suction force to be applied to the chamber for drawing debris through the suction inlet opening into the chamber. *Id.* The housing includes a housing connection feature that is configured such that it mates with a head connection feature on a cleaning device head by positioning the head connection feature into

contact with the housing connection feature and rotating the head of the cleaning device. *Id.* Just one example of such a replacement head is shown in FIG. 5 of **Ex. 1**:



FIG. 5

23. The ’371 Patent contributes to the success of the Shark VACMOP Pad, as the claimed replacement head captures the features of the product that enable its multi-function cleaning capabilities, which drives the Shark VACMOP system’s faster, more convenient, and more effective approach to hard floor cleaning appreciated by consumers.

24. SharkNinja recognized the importance and market value of the ’371 Patent and has used the invention claimed in the ’371 Patent in the Shark VACMOP Pad.

25. SharkNinja has marked the Shark VACMOP Pad with the ’371 Patent’s number, including by stating on the product box that “[t]his product may be covered by one or more U.S. Patents. See sharkninja.com/patents for more information.” That URL directs to the following marking, which lists the Shark® VACMOP Disposable Hard Floor Vacuum and Mop Pad Refills VM200 Series with the ’371 Patent:

**Shark® VACMOP Disposable Hard Floor Vacuum and Mop Pad Refills VM200 Series**

- 10,716,439
- 10,555,647
- 10,966,579
- 10,993,594
- 10,993,595
- 10,980,378
- 10,542,855
- 11,116,371
- 11,134,814
- D948148
- D948149
- D946844
- D946225
- D944481
- D944480
- D943854

*Source: https://www.sharkninja.com/patents.html, captured Nov. 3, 2026.*

**THE DEFENDANTS**

26. Defendant Zhu Falun (also known as Falun Zhu) ("Zhu") is an individual with a principal address at Room 2202, Entrance 1, Building 5, Nuode Mingdu Garden, No. 989 Xingye Avenue West, Panyu District, Guangzhou City, Guangdong Province, China 511400. Public records, including the "KeePow" storefront on Amazon.com (Seller ID: A2X0IWJTFALG4A), indicate that Zhu operates the Amazon store that sells the KeePow-branded replacement pads that practice the '371 Patent. Zhu is also the registered owner of the KEEPOW trademark for goods including cleaning pads, U.S. Trademark Registration No. 7,441,376, and of the MYKEEPOW trademark, U.S. Trademark Registration No. 6,797,493.

27. The Amazon.com listing for the KeePow-branded replacement pads (ASIN: B0C5MKTZBZ) identifies the brand and seller as "KeePow."

28. Defendant Guangzhou Qibao E-Commerce Co., Ltd. ("Qibao") is, on information and belief, a limited liability company organized under the laws of the People's Republic of China, with a business address at Room 103, No. 12 Nanyuan Avenue, Kengtou Village, Nancun Town, Panyu District, Guangzhou City, Guangdong Province, China 511400. Public records, including the "MyKeePow" storefront on Amazon.com (Seller ID: A1U0G0MA9DFOTB), which identifies its business name as "guangzhoushiqibaodianzishangwuyouxiangongsi" and its business address as the address above, indicate that Qibao operates the Amazon store that sells the MyKeePow-branded replacement pads that practice the '371 Patent.

29. The Amazon.com listing for the MyKeePow-branded replacement pads (ASIN: B0CTK18VPZ) identifies the brand and seller as "KeePow EU."

30. As foreign defendants, Zhu and Qibao may be sued in any judicial district under 28 U.S.C. § 1391(c)(3).

31. On information and belief, each Defendant sells, offers to sell, distributes, or facilitates the sale of KeePow-branded and MyKeePow-branded replacement pads to consumers in the United States, including in this District, through fully interactive e-commerce marketplaces and online storefronts accessible to Massachusetts residents.

32. On information and belief, Defendants operate as an integrated enterprise for the importation, distribution, marketing, and sale of KeePow-branded and MyKeePow-branded replacement pads in the United States. Zhu owns both the KEEPOW and MYKEEPOW trademarks, Zhu and Qibao each have an address in Panyu District, Guangzhou, and the Amazon.com listings for the KeePow-branded and MyKeePow-branded replacement pads advertise compatibility with the same list of Shark VACMOP models.

33. In particular, Defendants sell packs of KeePow-branded and MyKeePow-branded replacement pads in varying numbers and in varying colors (collectively, the "Accused Products") that each make unauthorized use of the invention claimed in the '371 Patent.

34. Exemplary images of a KeePow replacement pad and a MyKeePow replacement pad, taken from their Amazon.com listings, are shown below:



*KeePow*
*Source: Amazon.com,*
*https://www.amazon.com/dp/B0C5MKTZBZ, captured Nov. 3, 2026.*



*MyKeePow*
*Source: Amazon.com,*
*https://www.amazon.com/dp/B0CTK18VPZ/, captured Nov. 6, 2026.*

**FIRST CLAIM FOR RELIEF**
***(Infringement of U.S. Patent No. 11,116,371)***

35. SharkNinja incorporates and realleges paragraphs 1 through 34 of this Complaint.

36. SharkNinja is the assignee of the '371 Patent, entitled "Cleaning Device System and Method for Use," with ownership of all substantial rights in the '371 Patent, including the rights to exclude others from practicing the patented invention and to enforce, sue, and recover damages for infringement.

37. The '371 Patent is valid, enforceable, and was duly issued on September 14, 2021, from U.S. Patent Application No. 17/067,521, filed on October 9, 2020, as a continuation of U.S. Patent Application No. 16/795,012, filed on February 19, 2020.

38. Defendants have made, used, offered to sell, sold, and/or imported into the United States KeePow-branded and MyKeePow-branded replacement pads, including the Accused Products, that appropriate the claimed features of the '371 Patent, and thus directly infringe the '371 Patent under 35 U.S.C. § 271(a), including in this Judicial District.

39. The Accused Products practice each and every limitation of at least claim 1 of the '371 Patent. Indeed, the Accused Products are an obvious knock-off of SharkNinja's product, the Shark VACMOP Pad, and were intentionally designed to copy the form and function of the Shark VACMOP Pad. Infringement is readily apparent from inspection of the product. Claim 1 of the '371 Patent covers a replacement head for use with a cleaning device, and the Accused Products are using that same configuration of a replacement head.

40. Claim 1 of the '371 Patent (**Ex. 1**, col. 10) recites:

> 1. A replacement head for use with a cleaning device, comprising:
>
> a housing having a chamber for receiving and retaining debris, a suction inlet opening for allow [sic] debris to flow into the chamber, and a cleaning sheet coupled to the housing and configured to contact a surface to be cleaned, the housing being configured to couple to a cleaning device for allowing a suction force to be applied to the chamber for drawing debris through the suction inlet opening into the chamber, and the housing having a housing connection feature that is configured such that it mates with a head connection feature on a cleaning device head by positioning the head connection feature into contact with the housing connection feature and rotating the head of the cleaning device.

41. Regarding the first element, the Accused Products include a housing having a chamber for receiving and retaining debris. This is readily visible in the product listing images, which advertise a "dirt chamber," and is confirmed by inspection:




*KeePow*
*Source: Amazon.com,*
*https://www.amazon.com/dp/B0C5MKTZBZ,*
*captured Nov. 3, 2026.*




*MyKeePow*
*Source: Amazon.com,*
*https://www.amazon.com/dp/B0CTK18VPZ/,*
*captured Nov. 6, 2026.*

42. Regarding the second element, the Accused Products include a suction inlet opening for allowing debris to flow into the chamber. This suction inlet enables dirt pickup into the dirt chamber. The suction inlet is plainly visible, for example, on the KeePow and MyKeePow product pages, and is confirmed by inspection:



*KeePow*
*Source: Amazon.com,*
*https://www.amazon.com/dp/B0C5MKT*
*ZBZ, captured Nov. 3, 2026.*



*MyKeePow*
*Source: Amazon.com,*
*https://www.amazon.com/dp/B0CTK18VPZ/,*
*captured Nov. 6, 2026.*

43. Regarding the third element, the Accused Products include a cleaning sheet coupled to the housing and configured to contact a surface to be cleaned, which is advertised and shown in the product listing and confirmed by inspection:




*KeePow*
*Source: Amazon.com,*
*https://www.amazon.com/dp/B0C5MKTZBZ,*
*captured Nov. 3, 2026.*




*MyKeePow*
*Source: Amazon.com,*
*https://www.amazon.com/dp/B0CTK18VPZ/,*
*captured Nov. 6, 2026.*

44. Regarding the fourth element, the Accused Products include a housing being configured to couple to a cleaning device for allowing a suction force to be applied to the chamber for drawing debris through the suction inlet opening into the chamber. The KeePow and MyKeePow product listings advertise the Accused Products as being compatible with numerous Shark VACMOP models. The KeePow listing states, "These mop replacement pads are compatible with Shark Vacmop cordless hard floor vacuum mop VM252 VM252C VM251 VM200 VM250 VM255 VM200 VM200C VM190 VM200P12 VM251B1 VM251B1NP VM251B3 VM251B3NP VM251B4 VM251B4NP VM251NP QM250 QM251 QM252 QM252C QM253 UM205 VC205 VC255 CV255 VM401 VM180 VM252GN model for seamless replacement and long-lasting use." The MyKeePow listing likewise states, "Fit Your VAC MOP: Compatible with Shark Vacmop

cordless hard floor vacuum mop VM252 VM252C VM251 VM200 VM250 VM255 VM200 VM200C VM190 VM200P12 VM251B1 VM251B1NP VM251B3 VM251B3NP VM251B4 VM251B4NP VM251NP QM250 QM251 QM252 QM252C QM253 UM205 VC205 VC255 CV255 VM401 VM180 VM252GN model." The KeePow and MyKeePow replacement pads therefore are intentionally designed to couple to the Shark VACMOP cleaner and to allow suction from the cleaner to be applied to the pad chamber.

45. Regarding the fifth element, the Accused Products include a housing connection feature that is configured such that it mates with a head connection feature on a cleaning device head by positioning the head connection feature into contact with the housing connection feature and rotating the head of the cleaning device. As the '371 Patent explains, when a cleaning device is lowered onto the replacement head, the cleaning device head contacts the replacement head and rotates until its lower surface is horizontal, at which point the replacement head mates with the cleaning device head. *See* **Ex. 1**, col. 9, FIGS. 17–20. The Shark VACMOP cleaner connects to the Shark VACMOP Pad in this manner. As noted in paragraph 44 above, the KeePow and MyKeePow product listings advertise the Accused Products as being compatible with numerous Shark VACMOP models, and the Accused Products therefore are intentionally designed to include such a housing connection feature. The connection feature that enables connection of the KeePow and MyKeePow replacement pads to the Shark VACMOP cleaner is also shown, for example, on the KeePow and MyKeePow product pages, and is confirmed by inspection:




*KeePow*
*Source: Amazon.com,*
*https://www.amazon.com/dp/B0C5MKTZBZ,*
*captured Nov. 3, 2026.*




*MyKeePow*
*Source: Amazon.com,*
*https://www.amazon.com/dp/B0CTK18VPZ/,*
*captured Nov. 6, 2026.*

46. Accordingly, the Accused Products infringe at least claim 1 of the ’371 Patent.

47. At a minimum, Defendants have had knowledge of the ’371 Patent since the filing date of this Complaint. In addition, SharkNinja has provided constructive notice of the ’371 Patent through its public patent-marking page (https://www.sharkninja.com/patents.html) since at least October 2022.

48. SharkNinja has been damaged by Defendants’ infringement and is entitled to equitable relief under 35 U.S.C. § 283.

**PRAYER FOR RELIEF**

WHEREFORE, SharkNinja respectfully requests that the Court enter judgment in its favor and against Defendants, and award the following relief:

a. A judgment that Defendants have infringed the ’371 Patent under 35 U.S.C. § 271(a).

b. A preliminary and permanent injunction, pursuant to 35 U.S.C. § 283, restraining Defendants, Defendants' agents, servants, employees, and attorneys, and all other persons in active concert or participation with any of them, from making, using, offering to sell, selling, or importing into the United States any products, including KeePow-branded and MyKeePow-branded replacement pads and the Accused Products, that embody, appropriate, or use the invention claimed in the '371 Patent.

c. Such further and additional relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38(b), SharkNinja demands a trial by jury on all issues so triable.

Dated: November 11, 2026

Respectfully submitted,

**SHOOK, HARDY & BACON L.L.P.**

*/s/ Emyr T. Remy*

Emyr T. Remy (BBO# 704156)
One Federal Street, Suite 2620
Boston, MA 02110
(617) 531-1411
remy@shb.com

***Attorneys for Plaintiffs***
***SHARKNINJA OPERATING LLC and***
***SHARKNINJA SALES COMPANY***